AGRICULTURE AND MARKETS LAW, ART. 7, § 114.
A town may not contract with an individual for dog control services. A town may appoint a dog control officer or enter into a contract with another municipality, an incorporated humane society or incorporated dog protection association for dog control services.
Henry J. Leader, Esq. Informal Opinion Town Attorney No. 2000-17 Town of Gouverneur P. O. Box 13 Gouverneur, New York 13642-0013
Dear Mr. Leader:
You have asked whether under Agriculture and Markets Law § 114 Agric. Mkts a town may contract with an individual for dog control services.
Each town and city, and each village in which dog licenses are issued, must appoint, and any other village and any county may appoint, one or more dog control officers for the purpose of controlling dogs and for enforcement of article 7 of the Agriculture and Markets Law. See Agriculture and Markets Law § 114 Agric. Mkts(1). As stated in section 114(1), the appointee would be an official/employee of the municipality. Instead of, or in addition to, the appointment of a dog control officer or officers, a municipality may contract for dog control officer services "with any other municipality or with any incorporated humane society or similar incorporated dog protective association."Id. There is no authority for a contract with an individual for these services.
In a prior opinion of this office, we construed a substantively similar predecessor of section 114 and concluded that a city may contract with neither an individual, nor with a business corporation formed by a person, to act as dog warden. See 1965 Op. Atty. Gen. (Inf.) 75. The opinion concluded that "[u]nless as stated in subdivision 1 of §120 of the Agriculture and Markets Law, the contracting party is another municipal corporation, or an incorporated society for the prevention of cruelty to animals, or an incorporated dog protective association, a municipality may not enter into such an agreement."
We had occasion to revisit our 1965 opinion in an informal opinion rendered in March, 1996 and concluded that the 1965 opinion remained valid. See Op. Atty. Gen. (Inf.) No. 96-15. Nothing has been cited to us to alter that view now.
We conclude that a town may not contract with an individual for dog control services. A town may appoint a dog control officer or enter into a contract with another municipality, an incorporated humane society or incorporated dog protection association for dog control services.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
LEW A. MILLENBACH, Assistant Solicitor General